# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROY O'GUINN,

    Plaintiff,

v.

ISIDRO BACA, *et al.*,

    Defendants.

Case No.: 3:18-cv-00469-MMD-WGC

**ORDER**

Re: ECF No. 38

Before the court is Plaintiff's "Amended Appointment for Counsel, Motion" (ECF No. 38). Plaintiff bases his motion on the fact that (1) he is unable to "understand and law work is not done by this plaintiff," (2) on March 8, 1981, "plaintiff was substantially disabled by a 1980 Plymouth Volare going 50 mph on the Park City, Utah off-ramp off of I-80 east. My skull, brain was greatly damaged by severe cerebral contusion and an extreme traumatic brain injury that did include traumatic encephalopathy and my brain was greatly increased in its size," (3) Plaintiff "had many in-prison assaults to my head mainly rt. side," (4) the "dangerous symptoms have been in my life since 1981 and been recurring since 12-18-17 and 5-30-21," and (5) "this case is medical and does involve much damage to a 66 yr. old disabled man who is daily experiencing deep pains inside my head that come close to a state of unconsciousness while the pain is substantial." (*Id.*) Plaintiff also claims he has "many neurological disorders and that I cannot be an attorney." (*Id.*)

On December 7, 2020, Chief District Judge Miranda M. Du entered her order regarding Plaintiff's first request for the appointment of counsel (ECF No. 19), which stated in part:

> Although Plaintiff stated a colorable failure to protect claim against Defendants Baca and Buchanan, that determination was based on allegations and not evidence. Plaintiff has not yet shown a likelihood of success on the merits, and it is premature for the Court to assess whether exceptional circumstances exist. Plaintiff appears to understand what claims are proceeding in this case. The Court therefore denies the motion for appointment of counsel without prejudice to Plaintiff later seeking appointment of counsel if the case does not settle in mediation, the stay is lifted, and *Plaintiff shows exceptional circumstances*.

(ECF No. 22 at 2; emphasis added.)

While the court recognizes Plaintiff claims to have certain medical issues, any *pro se* inmate such as Mr. O'Guinn would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and as Chief District Judge Du advised Plaintiff earlier, the court will grant the request only under exceptional circumstances or extraordinary circumstances.

*United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims including successfully appealing the dismissal of his case to the Ninth Circuit Court of Appeals. (ECF No. 18.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's First Amended Complaint was allowed to proceed on the failure to protect claims against Defendants Buchanan and Baca. (ECF Nos. 18 and 22.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims. Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claim.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Amended Motion for Appointment of Counsel (ECF No. 38).

**IT IS SO ORDERED.**

Dated: July 13, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE