UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROY O'GUINN,<br><br>    Plaintiff<br><br>v.<br><br>ISIDRO BACA, et al.,<br><br>    Defendants | Case No.: 3:18-cv-00469-MMD-CSD<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 44 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for summary judgment. (ECF Nos. 44, 44-1 to 44-5, 46-1 to 46-4.) Despite being given several extensions of time, Plaintiff did not file a response. (ECF Nos. 50, 54.)

After a thorough review, it is recommended that Defendants' motion be granted.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 10.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). (*Id.*)

The court screened Plaintiff's original complaint and allowed him to proceed with an Eighth Amendment failure to protect claim against defendants Baca and Buchanan. This claim is based on allegations that on December 31, 2017, Plaintiff wrote to Buchanan and Baca for help because he believed he would be killed by an inmate who had beaten him in the head with a

metal cane. Plaintiff alleged he was sent back to live in the same housing unit as his attacker, who attacked Plaintiff again. The remaining claims and defendants in the original complaint were dismissed with leave to amend. (ECF No. 7.)

Plaintiff filed his FAC. (ECF No. 10.) The body of the FAC did not contain the Eighth Amendment failure to protect claim against Baca and Buchanan, but Plaintiff did attach his original complaint and the exhibits to the original complaint to the FAC. (*Id.*) The court screened the claims within the body of the FAC and found Plaintiff did not state a claim upon which relief could be granted. As a result, the court dismissed the entire FAC with prejudice. (ECF No. 12.) Plaintiff appealed the dismissal. (ECF No. 14.)

The Ninth Circuit concluded that because the court previously found the original complaint stated a failure to protect claim, and it appeared Plaintiff was attempting to proceed with this claim by attaching his original complaint to the FAC, that the dismissal should be vacated, and the case remanded for Plaintiff to proceed on his failure to protect claim against Baca and Buchanan. (ECF No. 18.)

Defendants move for summary judgment, arguing: Plaintiff cannot recover damages against Defendants insofar as they are sued in their official capacity; Defendants did not violate Plaintiff's Eighth Amendment rights; and alternatively, Defendants are entitled to qualified immunity.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the

evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477 U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

### III. DISCUSSION

**A. Eighth Amendment Failure to Protect Standard**

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison

conditions may be, and often are, restrictive and harsh, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 486 U.S. 517, 526-27 (1984)).

"[P]rison officials have a duty...to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citations and quotations omitted); *see also Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir.2015) (citing *Farmer*, 511 U.S. at 833). "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal citations omitted). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Id*. at 834 (citing *Rhodes*, 452 U.S. at 347).

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *Farmer*, 511 U.S. at 834; *see also Labatad v. Corrections Corp. of America*, 714F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when an objective and subjective component are met. *See Farmer*, 511 U.S. at 834; *Labatad*, 714F.3d at 1160.

First, "the deprivation alleged must be, objectively, sufficiently serious...; a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" *Farmer*, 511 U.S. at 834 (citations and quotations omitted). When a plaintiff

claims prison officials failed to take reasonable steps to protect, the plaintiff must show "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. (citations omitted).

Second, the inmate must satisfy the subjective element. This means the prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Liability may only follow if a prison official 'knows that inmates face a substantial risk of serious harm and disregard that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 847). Prison officials may avoid liability by: (1) proving they were unaware of the risk, or (2) proving they "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844-45.

**B. Analysis**

The following facts have not been disputed by Plaintiff:

On December 18, 2017, Plaintiff sent a medical request form ("kite") stating that at midnight on December 16, 2017, he was violently attacked with a metal cane, and he needed a refill of acetaminophen. (ECF No. 46-1 at 3.) Plaintiff sent another medical kite that day reiterating that he woke up around midnight on December 16, 2017, and turned on his fan. Inmate Riles (aka "Big Stone") then bashed the right side of Plaintiff's head five times with a metal cane, and Plaintiff was in pain. (ECF No. 46-1 at 4.)

Plaintiff also initiated grievance 2006-30-59308, at the informal level, on December 18, 2017, reiterating his claim that "Big Stone" hit him with a metal cane in the head five times, and

also hit him in the right knee. Plaintiff said he was in pain and did not feel well, and requested that "Big Stone" be moved to another unit. (ECF Nos. 44-4 at 2, 46-1 at 5, 46-3 at 21-23.)

Medical was notified on December 19, 2017 about the kite, and Plaintiff was evaluated on December 20, 2017. No trauma or gross deformity was noted to the right temple, but Plaintiff did have bruising on the right knee. (ECF No. 46-2 at 2.)

Edward Inwood of the Inspector General's Office was assigned to investigate the incident. Inwood's investigation was concluded on December 21, 2017, and he corroborated Plaintiff's version of events. (ECF No. 46-4 at 2-3.)

There is a memorandum from Associate Warden Brian Ward to defendant Baca dated December 29, 2017, stating that Plaintiff's grievance was not an "IG" or supervisor issue, and the caseworker should research the issue and respond. Baca signed the memorandum on January 10, 2018. (ECF No. 46-3 at 24.)

On December 31, 2017, Plaintiff sente a kite to the Unit 2 caseworker stating that he was dying as a result of inmate Riles bashing his head with a metal cane on December 16, 2017. He asked that Riles not be placed back in Plaintiff's unit. (ECF No. 44-2 at 2.) Plaintiff sent a medical kite the same day stating that his head was in constant pain, and reiterated he did not want Riles moved back to his unit. (ECF No. 46-1 at 2.) Plaintiff also sent a kite addressed to Baca that day, advising that Riles had bashed his head on December 16, 2017. He noted that Riles was in the hospital, but he did not want Riles moved back to his unit. (ECF No. 10 at 66.)

There is a case note from Caseworker Krista Mattice on January 2, 2018, noting Plaintiff's kite. The note indicated Plaintiff was told that he should kite medical for treatment, or call a "man down" or file an emergency grievance if necessary. He was also notified that if he felt his safety was threatened, he must notify staff. (ECF No. 44-3 at 2.)

1    Caseworker Mattice responded to Plaintiff's informal level grievance on February 20,
2 2018, stating that inmate Riles no longer lived in Plaintiff's unit; therefore, the grievance was
3 resolved. (ECF No. 44-4 at 2.)
4    Plaintiff filed his first level grievance on March 3, 2018, stating there was a failure to
5 provide him with medical treatment (which is not an issue proceeding in this case), and the
6 prison failed to provide adequate assistance and protection for individuals vulnerable to mental
7 and physical abuse. (ECF No. 46-3 at 18-20.) The grievance was rejected four times by Lisa
8 Walsh for not including all of the required documentation and for not signing and dating the
9 grievance. (ECF No. 46-3 at 2-12, 14-15, 17-20.) Plaintiff re-filed the first level grievance and
10 Buchanan responded on August 8, 2018, stating that the grievance had been resolved at the
11 informal level. (ECF No. 44-4 at 3.)
12    While Plaintiff alleges that at some point, he lived in the same housing unit as his
13 attacker and he was attacked again, Plaintiff has not provided any evidence about *when* he was
14 placed in the same unit as Riles again, *when* he was attacked again by Riles, or whether he had
15 any further communication with Buchanan or Baca on this issue.
16    The evidence in the record demonstrates that Buchanan's only involvement was the
17 response to the first level grievance reiterating what Plaintiff had been told at the informal level:
18 that Riles was no longer in Plaintiff's unit. This does not amount to deliberate indifference to
19 Plaintiff's safety.
20    Baca signed a memorandum that Plaintiff's grievance was not a supervisor issue, and
21 Plaintiff sent a kite telling Baca that he did not want Riles housed in his unit. Not long after that
22 kite, Mattice confirmed that Riles was no longer in Plaintiff's unit. This does not constitute
23

deliberate indifference, and there is no other evidence indicating Baca was aware of a risk to Plaintiff's safety.

There is no evidence Plaintiff advised Baca or Buchanan about Riles being housed in his unit again, or any risk of harm concerning Riles after it was confirmed by Mattice that Riles was no longer living in Plaintiff's unit. Under these circumstances, the court cannot conclude that Buchanan and Baca were deliberately indifferent to Plaintiff's safety. Therefore, summary judgment should be granted in their favor. As a result, the court need not address Defendants' remaining arguments.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion for summary judgment (ECF No. 44).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 14, 2022

_____
Craig S. Denney
United States Magistrate Judge