UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROY O'GUINN,

                Plaintiff,

v.

ISIDRO BACA, *et al.*,

                Defendants.

Case No. 3:18-cv-00469-MMD-CSD

ORDER

**I.    SUMMARY**

*Pro se* Plaintiff Roy O'Guinn, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983. (ECF No. 10.) O'Guinn alleges that Defendants Isidro Baca and Buchanan violated O'Guinn's rights under the Eighth Amendment when Defendants failed to protect him from another inmate's attack. (*Id.*) Before the Court is the Report and Recommendation of United States Magistrate Judge Craig S. Denney. (ECF No. 57 ("R&R").) The R&R recommends that Defendants' motion for summary judgment (ECF No. 44) be granted. (*Id.*) O'Guinn timely filed an objection to the R&R. (ECF No. 58 ("Objection").)[1] More recently, O'Guinn has also filed a motion titled "Plaintiff's 1st dispositive motion." (ECF No. 60.) The Court denies this motion as it lacks merit. Moreover, because the Court agrees with Judge Denney— as further explained below—the Court overrules the Objection, adopts the R&R in full, and grants summary judgment in favor of Defendants.

**II.    BACKGROUND**

The Court incorporates by reference Judge Denney's recitation of the factual background provided in the R&R, which the Court adopts here. (ECF No. 57 at 1-2, 6-9.)

---

[1]O'Guinn also filed a motion to add two exhibits to his Objection. (ECF No. 59.) Defendants did not file a response. As such, the Court will grant the motion. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion.").

### III.  LEGAL STANDARD

#### A.  Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because O'Guinn filed his Objection. (ECF No. 58.)

#### B.  Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted).

///

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56 of the Federal Rules of Civil Procedure, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient[.]" *Anderson*, 477 U.S. at 252.

**IV.   DISCUSSION**

Because the Court agrees with Judge Denney that summary judgment should be granted to Defendants, the Court will first address O'Guinn's objections to the R&R. The Court will then proceed to address O'Guinn's request for appointment of counsel in the Objection. The Court will conclude by addressing O'Guinn's "1st dipositive motion."

**A.   Objection[2]**

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Denney's R&R in full. Judge Denney recommends that Defendants' motion for summary judgment be granted because O'Guinn has failed to provide evidence that he had advised Defendants that his attacker was being housed again in his unit after the December 2017 attack. (ECF No. 57 at 9.) Additionally, there is no evidence that O'Guinn advised Defendants of any risk of harm regarding his attacker after it was confirmed that the attacker was no longer living in O'Guinn's unit. (*Id.*)

In his Objection, O'Guinn makes the following arguments: (1) Judge Denney failed

---

[2]The Court notes that in the manner that O'Guinn's 32- page Objection is written, the structure of his arguments is at times difficult to follow. As such, the Court construes O'Guinn's arguments as stated in this order.

3

to consider that Baca had signed a memorandum on January 10, 2018; (2) O'Guinn had filed kites to both Defendants Baca and Buchanan; (3) and O'Guinn's informal grievance was not resolved because the attacker was no longer in Unit 2 but was rather in the hospital. (ECF No. 58 at 16-32.) Because the Court disagrees, it will set forth the legal standard for an Eighth Amendment deliberate indifference claim and then will summarily address O'Guinn's three arguments.

### 1. Eighth Amendment—Deliberate Indifference

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Rhodes v. Chapman*, 452 U.S. 337, 349 (1981); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "treatment a prisoner receives in prison and the conditions under which he [or she] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *See Farmer*, 511 U.S. at 832.

To establish violations of these duties, the inmate must show that prison officials were deliberately indifferent to serious threats to his or her safety. *See id.* at 834. To demonstrate that prison officials were deliberately indifferent to a serious threat to his or her safety, the inmate must show that "the official[s] [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official[s] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the officials] must also draw the inference." *Id.* at 837. Prison officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all inmates are exposed. *Id.* at 843. Although the risk of harm must be "substantial," it is well settled "a prisoner need not wait until he [or she] is actually assaulted before obtaining relief." *Helling*, 509 U.S. at 33; *see also, e.g.*, *Munoz v. Cal. Dep't of Corr.*, Case No. 18-cv-10264, 2020 WL 5163589, at *4 (C.D. Cal. July 24, 2020)
///

("Prison inmates are not required to wait until the threatened assault occurs before seeking relief for deliberate indifference to a serious risk of harm.").

### 2.  Baca's Memorandum

O'Guinn argues that Judge Denney failed to consider the fact that Defendant Baca had signed a memorandum on January 10, 2018. (ECF No. 58 at 17.) O'Guinn appears to argue this to show that Baca was "aware of the condition." (*Id.*) However, it is unclear to the Court if "condition" refers to O'Guinn's medical condition or the alleged failure-to-protect conditions following the attack that occurred on December 16, 2017. Regardless, the Court disagrees with O'Guinn.

Judge Denney unequivocally did not exclude the fact that Baca signed the memorandum. He expressly stated in the R&R that "Baca signed the memorandum on January 10, 2018." (ECF No. 57 at 7 (citing ECF No. 46-3 at 24 (sealed)).) He further stated that "Baca signed a memorandum that [O'Guinn's] grievance was not a supervisor issue" and that O'Guinn sent a kite telling Baca that he did not want the attacker housed in his unit. (*Id.* at 8.) After the kite was sent, it was later confirmed that the attacker was no longer in O'Guinn's unit. (*Id.*) Because O'Guinn has failed to provide evidence that Baca placed the attacker back in his unit following the attack, no substantial risk of harm existed. (*Id.* at 9.) Therefore, and contrary to O'Guinn's argument, Judge Denney did not fail to consider that Baca signed the memorandum when recommending that summary judgment should be granted to Defendants. Accordingly, O'Guinn's objection is overruled.

### 3.  Kites to Defendants

O'Guinn appears to argue that he cooperated with the instructions provided to him that he should file kites "to medical, to Baca, to Buchanan." (ECF No. 58 at 18.) According to O'Guinn, his kites prove that Defendants failed to "properly aid [O'Guinn]." (*Id.*) The Court disagrees.

O'Guinn sent a medical kite on December 18, 2017, requesting a refill of his medication after his attack. (ECF No. 46-1 at 3.) On the same day, he sent another kite detailing his attack and requesting to be seen by Medical. (*Id.* at 3-4.) On December 31,

5

2017, O'Guinn sent an inmate request form to the Unit 2 caseworker stating that he was dying because the attacker bashed his head and requested that his attacker not be placed back in his cell. (ECF No. 44-2 at 2.) O'Guinn also sent a medical kite that day stating that he was in constant pain from the attack and did not want his attacker moved back to his cell. (ECF No. 46-1 at 2 (sealed).) Additionally, O'Guinn sent an inmate request form to Baca stating again that his attacker had bashed his head, and again requested that the attacker not be moved back into his cell. (ECF No. 10 at 66.) Notably, O'Guinn mentioned his attacker was in the hospital. (*Id.*)

The Court, having reviewed the record, does not find that O'Guinn sent a kite to Buchanan. However, an inmate request form was sent to Baca. (ECF No. 10 at 66.) But that form also disclosed that the attacker was in the hospital, therefore, a "substantial risk of serious harm" did not exist as there is no evidence the attacker was placed back in O'Guinn's unit following the attack. *See Farmer*, 511 U.S. at 837. This is further supported by evidence that a caseworker responded to O'Guinn's grievance that his attacker was "removed from the unit." (ECF No. 44-4 at 2.) Moreover, in his response, O'Guinn admits that his attacker was no longer in Unit 2 and was in fact in the hospital. (ECF No. 58 at 19.) Because there is no evidence that O'Guinn's attacker was placed in the same unit with O'Guinn following the attack, the Court does not find that Baca failed to properly aid O'Guinn. Merely because O'Guinn followed instructions and filed kites does not mean Defendants were deliberately indifferent. The Court thus overrules this objection.

### 4. Grievance Resolution

O'Guinn appears to argue that his informal grievance, which requested his attacker be moved to another unit, was not resolved because his attacker was in the hospital and therefore not actually removed from Unit 2. (ECF No. 58 at 19.) Regardless of whether the attacker was removed, and as discussed above, O'Guinn does not offer evidence that Defendants place the attacker back with O'Guinn. Rather, O'Guinn's argument supports the finding that Defendants were not deliberately indifferent to any substantial risk to serious harm because the attacker was in the hospital and not in O'Guinn's unit. As

6

previously mentioned, there is no evidence the attacker was placed in the same unit with O'Guinn following the attack. Accordingly, the Court overrules this objection.

In sum, O'Guinn's three arguments do not "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The Court therefore overrules his Objection, adopts the R&R in full, and grants summary judgment to Defendants.

### B.     Appointment of Counsel

In the response, O'Guinn describes an incident that occurred on March 18, 2022, where he lost his balance and his head hit the concrete floor. (ECF No. 58 at 1-3.) O'Guinn was rushed to the hospital and currently has pain in his head. (*Id.* at 3.) He states that he is unable to "do any legal filing to oppose [D]efendants['] motion for summary judgment [be]cause of extreme pain inside [his] head." (*Id.*) Out of an abundance of caution, the Court construes O'Guinn's statements as a request for the appointment of counsel.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the Court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his [or her] claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* In the instant case, the Court does not find exceptional circumstances warrant the appointment of counsel. O'Guinn has not shown a likelihood of success on the merits. While the Court is sympathetic to O'Guinn situation, a close review of his Objection shows he is able to articulate ideas and form sentences to argue his points. Nothing in his Objection suggests cognitive deficiencies that would lead the Court to have cause for concern. As such, O'Guinn's request for appointment of counsel is denied.

///

### C. "1st Dispositive Motion"

O'Guinn filed a motion titled "Plaintiff's 1st dispositive motion." (ECF No. 60.) He begins the motion by describing the pain he is experiencing because of a car accident he was in dating back to 1981. (*Id.* at 3.) He proceeds to recount the various incidences in which the NDOC has not provided him with medical treatment. (*Id.* at 4-31.) It is not clear to the Court the relevance of the 1981 car accident, the pain from that accident, or the various denials of medical treatment described in the motion to the present action. While O'Guinn briefly realleges his claim against Defendants in various parts of the motion (*see id.* at 21-22, 27-28), it remains unclear to the Court the purpose of this motion and its relevance. Accordingly, O'Guinn's "1st dispositive motion" is denied without prejudice.

## V. CONCLUSION

It is therefore ordered that Plaintiff Roy O'Guinn's Objection (ECF No. 58) is overruled.

It is further ordered that O'Guinn's requests for appointment of counsel in his Objection (ECF No. 58 at 1-30) is denied.

It is further ordered that the Report and Recommendation of Magistrate Judge Craig S. Denney (ECF No. 57) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 44) is granted.

It is further ordered that O'Guinn's motion to add two exhibits (ECF No. 59) is granted.

It is further ordered that O'Guinn's "Plaintiff's 1st Dispositive Motion" (ECF No. 60) is denied without prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

DATED THIS 20th Day of May 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE